NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| BRANDON L. JOHNSON, | : | |
| | : | Civil No. 20-9933(RMB-SAK) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| | : | |
| WARDEN OF CAMDEN COUNTY | : | |
| CORRECTIONAL FACILITY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

BUMB, District Judge:

Plaintiff Brandon L. Johnson, a pretrial detainee confined at Camden County Correctional Facility ("CCCF") in Camden, New Jersey, seeks to bring this civil action *in forma pauperis* under 28 U.S.C. § 1915. Based on his affidavit of poverty and the absence of three qualifying dismissals under 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

1

I. DISCUSSION

    A.    <u>Complaint</u>

Plaintiff alleges that he suffered from boils and that medical staff at CCCF delayed testing him, resulting in Plaintiff contracting MRSA. (Compl., Dkt. No. 1.) Plaintiff alleges malpractice and asserts jurisdiction under 42 U.S.C. 1983, for his claims against unidentified medical staff and the warden of CCCF. (<u>Id.</u>)

    B.    <u>Standard for *Sua Sponte* Dismissal</u>

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." <u>Schreane v. Seana</u>, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." <u>Id.</u>  A court need not accept legal

conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Iqbal, 556 U.S. at 678. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002). A court must liberally construe a pro se complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

    C.    Claims Under 42 U.S.C. § 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

3

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Plaintiff describes himself as a "county prisoner," and it is unclear whether he is a pretrial detainee or a convicted and sentenced state prisoner. (Compl. ¶1b, Dkt. No. 1.) Whether he is a pretrial detainee, in which case the Due Process Clause of the Fourteenth Amendment governs his claim of inadequate medical care, or a convicted and sentenced state prisoner, in which case the Eighth Amendment governs his claim of inadequate medical care, the same standard applies. See Miller v. Steele-Smith, 713 F. App'x 74, 76 n.1 (3d Cir. 2017) (citing Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 581-82 (3d Cir. 2003)). "To succeed on an Eighth [or Fourteenth] Amendment medical care claim, 'a plaintiff must make (1) a subjective showing that the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" Id. at 78 (quoting Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). A prison official is deliberately indifferent when he/she (1) knows of a prisoner's need for medical treatment but

4

intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Miller, 713 F. App'x at 79 (quoting Rouse, 182 F.3d at 197.) "[A] plaintiff cannot show deliberate indifference simply by demonstrating negligence in addressing a medical condition or a disagreement over the course of treatment received." Id. (quoting Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993) (explaining that deliberate indifference requires something "more than negligence") (additional citations omitted).

Plaintiff fails to state an Eighth or Fourteenth Amendment inadequate medical care claim against the unidentified medical staff at CCCF because he has alleged negligence in treating his condition. Unless Plaintiff can plead facts indicating that medical staff delayed treating his condition for nonmedical reasons, delay in treatment does not rise to the level of a constitutional violation. The same is true for Plaintiff's claim against the warden. There are, however, additional reasons why Plaintiff's § 1983 claim against the warden, based on the fact that he oversees CCCF, fails to state a claim. Under Section 1983, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 556 U.S. at 677. Thus, "'[t]here are two theories of supervisory liability,' one under which supervisors can be liable if they 'established and

5

maintained a policy, practice or custom which directly caused [the] constitutional harm,' and another under which they can be liable if they 'participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations.'" Santiago v. Warminster Twp., 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quoting A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (second alteration in original)). Plaintiff has not alleged any facts to establish personal involvement of the warden of CCCF in a constitutional violation.

    D.    <u>Medical Malpractice Claim under New Jersey Tort Claims Act</u>

Federal courts are courts of limited jurisdiction, with original jurisdiction over cases that "'aris[e] under" federal law … and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties…." Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746, reh'g denied, 140 S. Ct. 17 (2019)). This Court lacks jurisdiction over medical malpractice claims that arose in the State of New Jersey, absent diversity jurisdiction. A federal court, at its discretion, may exercise supplemental jurisdiction over state law claims if the plaintiff has also raised a related claim under federal law. See 28 U.S.C. § 1367(a). The Court declines to exercise

6

supplemental jurisdiction over Plaintiff's medical malpractice claims because he fails to state a claim under Section 1983.[1]

## II.  CONCLUSION

The Court will grant Plaintiff's IFP application. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court will dismiss the Complaint without prejudice and decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

An appropriate order follows.

                                      s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**

---

[1] The New Jersey Tort Claims Act governs personal injury claims, including medical malpractice, brought against public entities and employees. N.J. Stat. Ann. § 59:1.1 *et seq.*

7